IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| | | |
|---|---|---|
| SUN LIFE ASSURANCE COMPANY OF CANADA | ) ) ) | |
| Plaintiff | ) ) | CIVIL ACTION FILE NO. |
| v. | ) ) | |
| MITCHELL W. MCMILLAN and REBECCA RINER, as Administrators of the Estate of Dustin C. Wilson and as co-conservators of L.W., a minor; SHAWN P. HOOKS, as personal representative of the Estate of Priscilla Riner-Hooks; L.W., a minor; H.W., a minor; SHEA HARRELL, as next friend and natural guardian of H.W., a minor | ) ) ) ) ) ) ) ) ) ) ) ) | _____ |
| Defendants | ) | |

## **COMPLAINT**

Plaintiff SUN LIFE ASSURANCE COMPANY OF CANADA ("Sun Life")

files this complaint in interpleader pursuant to Fed. R. Civ. P. 22, for declaratory

judgment pursuant to 28 U.S.C. § 2201, and, if applicable, to recover an

overpayment pursuant to 29 U.S.C. § 1132(a)(3), as follows:

## **Nature of Case**

1.

This action is brought because of competing claims to death benefits payable

by Sun Life under a group policy of life insurance due to the death of Dustin C. Wilson ("the Insured").  The group policy of life insurance at issue is part of an employee welfare benefit plan governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.*

## Parties, Jurisdiction and Venue

### 2.

Sun Life is a Canadian stock life insurance company with a United States branch entered through Michigan.  The main administrative office for the United States branch of Sun Life is located in Wellesley Hills, Massachusetts.  Sun Life is duly authorized to do business in Georgia.

### 3.

Defendant Mitchell W. McMillan ("McMillan") is a citizen of Georgia and is subject to the jurisdiction of this Court.  McMillan is co-administrator of the Estate of Dustin C. Wilson.  The Estate of Dustin C. Wilson is pending in the Probate Court of Emanuel County, Georgia, within this judicial district, as Estate No. 19-3-0077.  McMillan is also co-conservator of L.W., a minor and a son of the Insured.

### 4.

Defendant Rebecca Riner ("Riner") is a citizen of Georgia and is subject to

the jurisdiction of this Court.  Riner is a co-administrator of the Estate of Dustin C.

Wilson and is also co-conservator of L.W., a minor.

5.

L.W., a minor, is a citizen of Georgia and is subject to the jurisdiction of this

Court.

6.

Defendant Shawn P. Hooks ("Hooks") is a citizen of Georgia and is subject

to the jurisdiction of this Court.  Hooks is the personal representative of the Estate

of Priscilla Riner-Hooks.  The Estate of Priscilla Riner-Hooks is pending in the

Probate Court of Bulloch County, Georgia, as Estate No. 19-311.

7.

Upon information and belief, H.W., a minor, is a son of the Insured.  H.W. is

a citizen of the State of Georgia and is subject to the jurisdiction of this Court.

8.

Defendant Shea Harrell ("Harrell") is the natural guardian and next friend of

H.W., a minor.  Harrell is a citizen of Georgia and is subject to the jurisdiction of

this Court.

9.

This Court has federal question subject matter jurisdiction over this action

under 28 U.S.C. § 1331 because the plan under which the claim for life insurance

benefits arises is an employee welfare benefit plan governed by ERISA.  The Court

also has diversity jurisdiction under 28 U.S.C. § 1332 because Sun Life, as

plaintiff, and defendants are of diverse citizenship and the amount in controversy

exceeds $75,000.

10.

Venue is proper in this district pursuant to 28 U.S.C. § 1397 because at least

one of the defendants resides in this district.

## **Facts**

11.

The Insured was covered under a group policy of life and disability income

insurance, Policy No. 203431-001, issued by Sun Life to the Insured's employer,

Pruitt Health, as part of that employer's employee welfare benefit plan.  A

specimen copy of the policy is attached hereto as Exhibit 1.

12.

The amount of Employee Optional Life insurance coverage elected by the

Insured and provided to the Insured under the policy was $180,000.[1]

13.

The Insured died on June 26, 2018 as the result of homicide, specifically as

---

[1]The policy also provided for a Basic Life Insurance benefit of $10,000.
That benefit, however, was available only to eligible senior officers of Pruitt
Health.

the result of a gunshot wound. A copy of the Insured's death certificate received by Sun Life is attached hereto as Exhibit 2.

14.

Sun Life was provided with the Insured's beneficiary designations by the Insured's employer, reflecting that Priscilla Riner-Hooks (identified then as "Priscilla Hooks" and as the Insured's "Domestic Partner") and L.W., a son of the Insured, were beneficiaries, with a 50% share each. A copy of the beneficiary screen provided to Sun Life by Pruitt Health, with a coverage election date of December 15, 2016, is attached hereto as Exhibit 3.

15.

In July 2018, one of those beneficiaries, Priscilla Riner-Hooks, was charged with the Insured's murder.

16.

On September 24, 2019, however, prior to the trial on her criminal charges, Priscilla Riner-Hooks was discovered deceased.

17.

A claim to the Employee Optional Life insurance benefits was made on behalf of L.W. and, on or about January 10, 2020, benefits in the amount of $90,000 (50% of the total $180,000 benefits), plus interest, were paid by Sun Life

to the duly authorized representatives of L.W., pursuant to the beneficiary

designations supplied to Sun Life by the plan sponsor.

18.

The remaining Employee Optional Life insurance benefits ($90,000) were

not paid to Priscilla Riner-Hooks nor to her estate in view of the allegations of her

involvement in the death of the Insured, including the criminal murder charges.

19.

Upon information and belief, the Estate of Priscilla Riner-Hooks and L.W.

are asserting entitlement to the remaining $90,000 in benefits.

20.

Under date of March 17, 2021, Harrell, the mother of H.W., provided

counsel for Sun Life with two additional beneficiary designation forms.

21.

One of the forms, entitled Sun Life Financial Group Enrollment Form,

appears to identify the following primary beneficiaries and assigned percentages:

(1) Priscilla Riner-Hooks, 50%; (2) L.W., 25% and H.W, 25%.  This form bears

the Insured's signature and is dated November 16, 2017.  A copy of this

beneficiary form is attached hereto as Exhibit 4.

22.

The other form appears to identify the primary beneficiary as Priscilla Riner-

Hooks, and the secondary beneficiaries as L.W. and H.W.  This form also bears the Insured's signature and is dated November 16, 2017.  A copy of this beneficiary form is attached hereto as Exhibit 5.

23.

According to Tammy Wilson, the Insured's mother, these additional beneficiary designation forms were obtained by her from an office of Pruitt Health in Louisville, Georgia, following the death of the Insured.

24.

These additional beneficiary forms were not provided to Sun Life prior to its payment of benefits of $90,000 to L.W. and were unknown to Sun Life until March 2021.

25.

In the event that Priscilla Riner-Hooks was responsible for the death of the Insured as a result of murder or voluntary manslaughter, she would be ineligible to receive benefits by reason of the Insured's death under applicable law and public policy and all of the benefits under the policy would be payable to any contingent or secondary beneficiaries identified in the group policy, or to L.W. and H.W., as the heirs at law of the Insured.

26.

The policy defines "beneficiary" as "the person (other than the Employer)

who is entitled to receive death benefit proceeds as they become due under this

Policy.  A Beneficiary must be named by the Employee on a form acceptable to

Sun Life and executed by the Employee."

27.

Under the heading "Change of Beneficiary," the policy provides:

If this Policy replaces existing coverage under the Employer's group
life insurance plan, Employees' nominations of Beneficiaries under
the plan will remain in force unless changed by the Employee.  All
nominations of Beneficiaries are revocable unless otherwise stated by
the Employee.  Any request for change of Beneficiary must be in a
written form and will take effect as of the date the Employee signs
and files the change with the Employer.  If Sun Life has taken any
action or made payment prior to receiving notice of that change, the
change of Beneficiary will not affect any action or payment made by
Sun Life.  The consent of the Beneficiary is not required to change
any Beneficiary unless the Beneficiary designation has been
irrevocable.

## Count I

## Interpleader

28.

Due to the matters set out above, Sun Life is faced with competing claims to

the death benefits payable under the policy, as a result of which Sun Life cannot

safely pay such benefits to any of the potential beneficiaries.

29.

As a result, Sun Life may be subjected to multiple lawsuits and may be

exposed to multiple liability unless this Court authorizes it to pay the remaining

death benefits of $90,000, with any applicable interest, into the registry of this Court, and requires the defendants to interplead and to assert in this proceeding any claims which they have or may wish to assert to such benefits.

30.

In light of the additional beneficiary forms never provided to Sun Life by the plan sponsor, in the event that the Court determines that some amount less than $90,000 was payable to L.W., then Sun Life's payment to L.W. would have conferred a benefit in whole or in part upon L.W. by mistake and his retention of said benefit would be inequitable.  Such amount should be returned to Sun Life for payment into the registry of this Court, or in the alternative, should be paid directly by L.W. into the registry of this Court in applicable whole or in part for distribution to the correct beneficiary as determined by the Court.

31.

Under those circumstances, Sun Life requests that the Court order L.W. to return to Sun Life that portion of the benefits paid to him determined to be an overpayment, under theories of unjust enrichment and/or restitution, for disbursement by Sun Life into the registry of this Court or, in the alternative, that L.W. pay such benefits into the registry of this Court.

## Count II

## Declaratory Judgment

32.

Because Sun Life paid $90,000 to L.W. based upon the beneficiary designations provided to it by the plan sponsor and prior to notice of any different beneficiary designations, Sun Life is entitled to a declaration that it has no further liability for those benefits under the terms of the policy and the employee welfare benefit plan.

## Count III

## Recovery of Overpayment

33.

The employee welfare benefit plan for which Sun Life issued the policy grants discretionary authority to Sun Life to make all final determinations regarding claims for benefits under the plan. Sun Life is thus a fiduciary of the plan.

34.

If the Court determines that L.W. was overpaid benefits in whole or in part, then Sun Life, as a fiduciary of the plan, is entitled to recover that overpayment pursuant to 29 U.S.C. § 1132(a)(3) or, in the alternative, under federal common law theories of unjust enrichment and restitution, for ultimate disbursement into

the registry of this Court.

WHEREFORE, plaintiff SUN LIFE ASSURANCE COMPANY OF CANADA respectfully prays that:

(a)    Sun Life's complaint in interpleader be allowed;

(b)    Defendants be directed and required to interplead in this proceeding and to assert any claims which they may have or may wish to assert to the death benefits payable under the Policy No. 203431-001 by reason of the death of Dustin C. Wilson;

(c)    Defendants be temporarily and permanently restrained from instituting or prosecuting against Sun Life any claim in any State or United States Court affecting said death benefits, except by way of interpleader in this action;

(d)    Sun Life be authorized and directed to pay into the registry of this Court the sum of $90,000, plus applicable interest, representing the remaining death benefits payable under Policy No. 203431-001;

(e)    this Court determine all claims to said death benefits and give direction as to the proper recipient of said benefits, including whether benefits previously paid to L.W. should be returned in whole or in part to Sun Life for payment into the registry of the Court, or paid directly on behalf of L.W. into the registry of this Court;

(f)    this Court enter a declaration that Sun Life has no further liability for

the sum of $90,000 in benefits paid prior to the receipt of conflicting beneficiary designations;

(g)    Sun Life be awarded a reasonable sum to cover its costs, expenses, and attorney's fees in connection with the bringing of this interpleader action; and

(h)    Sun Life have such other and further relief to which it may be entitled.

This 31st day of January, 2022.

*s/ Kenton J. Coppage*
Kenton J. Coppage
Georgia Bar No. 187190

Attorney for Plaintiff Sun Life
Assurance Company of Canada

FOX ROTHSCHILD, LLP
999 Peachtree Street, Suite 1500
Atlanta, Georgia 30309
(404) 962-1000 (telephone)
(404) 962-1200 (facsimile)
*kcoppage@foxrothschild.com*