IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| | |
|---|---|
| SUN LIFE ASSURANCE COMPANY OF CANADA )<br>)<br>Plaintiff )<br>)<br>v. )<br>)<br>MITCHELL W. MCMILLAN and REBECCA RINER, as Administrators of the Estate of Dustin C. Wilson and as co-conservators of L.W., a minor; SHAWN P. HOOKS, as personal representative of the Estate of Priscilla Riner-Hooks; L.W., a minor; H.W., a minor; SHEA HARRELL, as next friend and natural guardian of H.W., a minor )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>Defendants )<br>)<br>) | CIVIL ACTION<br><br>FILE NO. 6:22-CV-00007-JRH-BKE |

## JOINT MOTION TO APPROVE MINOR SETTLEMENT

COME NOW Defendants Mitchell W. McMillan and Rebecca Riner, as Co-Conservators for Minor, "L.W." and C. Doug Collins, as Conservator for Minor, "H.W.", by and through their respective counsel of record, and move this Court to approve the settlement of competing claims that they have made for the sum deposited by Plaintiff Sun Life Assurance Company of Canada ("Sun Life") into the registry of this Court, pursuant to O.C.G.A. § 29-3-3(c)(3).

### I. FACTS

1. On June 31, 2022, Plaintiff Sun Life filed this complaint in an interpleader action pursuant to Fed. R. Civ. P. 22 and for a declaratory judgment pursuant to 28 U.S.C. §2201 because of competing claims to death benefits payable by Sun Life under a group policy of life insurance due to the death of Dustin C. Wilson ("the Insured"). The group policy of life insurance at issue is

1

part of an employee welfare benefit plan governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1001 et seq.

2. The amount of Employee Optional Life insurance coverage elected by the Insured and provided to the Insured under the policy was $180,000.00.

3. The Insured died on June 26, 2018 as a result of homicide, specifically as the result of a gunshot wound.

4. A claim to the Employee Optional Life insurance benefits was made on behalf of L.W. and on or about January 10, 2020, benefits in the amount of $90,000 (50% of the total $180,000 benefits), plus interest, were paid by Sun Life to the duly authorized representatives of L.W., pursuant to the beneficiary designations supplied to Sun Life by the plan sponsor.

5. The remaining Employee Optional Life insurance benefits ($90,000) were not paid to Priscilla Riner-Hooks, nor to her estate in view of the allegations of her involvement in the death of the Insured, including the criminal murder charges. Shawn R. Hooks, as personal representative of the Estate of Priscilla Riner Hooks has disclaimed any interest in the funds.

6. On or about March 17, 2021, Shea Harrell, the mother of H.W., provided counsel for Sun Life with two additional beneficiary designation forms, purportedly executed by Dustin C. Wilson.

7. One of the forms (entitled Sun Life Financial Group Enrollment Form) appears to identify the following primary beneficiaries and assigned percentages: (1) Priscilla Riner-Hooks, 50%; (2) L.W., 25% and H.W., 25%. This form bears the Insured's signature and is dated November 16, 2017.

8.  The other form appears to identify the primary beneficiary as Priscilla Riner-Hooks, and the secondary beneficiaries as L.W. and H.W. This form also bears the Insured's signature and is dated November 16, 2017.

9.  On March 31, 2022, Mitchell W. McMillan and Rebecca Riner, as Co-Conservators of minor L.W., filed an Answer which denied the validity of the beneficiary designation forms submitted by Harrell dated November 16, 2017, and claimed entitlement to the life insurance proceeds at issue in this case.

10. On April 4, 2022, Shawn P. Hooks, as the personal representative of the Estate of Priscilla Riner-Hooks, filed an Answer that stated that the Estate disclaimed any interest the Estate has to the interplead funds.

11. On August 22, 2022, Defendant Hooks' motion to dismiss the Estate as a party was granted.

12. On November 29, 2022, attorney Troy A. Lanier was appointed Guardian Ad Litem for H.W. by the Court. This Order provides that Attorney Lanier shall be paid an hourly rate of $300 for his services as guardian ad litem, plus all reasonable expenses.

13. On January 3, 2023, Mr. Lanier filed an answer which asserted that H.W. was entitled to the funds in the registry of the Court.

14. On February 3, 2023, the Court entered an Order granting Plaintiff's motion to deposit the funds into the registry of the Court. Plaintiff subsequently deposited $115,076.71 into the registry of the Court.

15. On December 13, 2024, C. Doug Collins was appointed the Conservator of H.W. by the Emmanual County Probate Court.

16. The Co-Conservators of L.W. and the Conservator for H.W. have agreed to settle their dispute as to the disposition of the funds that Plaintiff has paid into the registry of the Court under the following terms: (1) the Co-Conservators for L.W. would receive $40,000; (2) the Conservator for H.W. would receive $75,000.00; (3) the interest that has accrued since the funds have been in the registry of the Court would be divided between L.W. and H.W. with 35% of the accrued interest being paid to L.W.'s Conservatorship and 65% of the interest being paid to H.W.'s Conservatorship; and (4) the legal fees and costs owed to Counsel for each Party would be paid to Counsel from the funds the respective Conservators received under this Agreement.

17. The Co-Conservators for L.W. entered into a contingent fee agreement contract with attorney William "Bill" McWhorter, who associated Tim Roberts of Oliver Maner LLP as Co-Counsel. (Exhibit 1, Contingent Fee Agreement). The contingent fee agreement provides for Mr. McWhorter to be paid a fee of one-third of the gross recovery, plus out-of-pocket expenses. The Co-Conservators seek Court approval for Mr. McWhorter to be paid one-third of the sum received by L.W.'s Conservatorship under this Agreement. This sum would be $13,320.00, plus one-third of the interest that L.W.'s Conservatorship receives, plus out of pocket expenses, which currently totals $30.84.

18. Guardian Ad Litem Troy Lanier has incurred legal fees totaling $16,117.50 as Counsel for H.W. The Conservator for H.W. seeks Court approval for the payment of this sum to be paid to Mr. Lanier from the sum that H.W.'s Conservatorship receives under this Agreement.

19. The attorneys' fees and expenses incurred by Counsel for L.W. and by Attorney/Guardian Ad Litem for H.W. were reasonable and necessary.

20. There are no outstanding expenses or liens.

## II. CITATION OF AUTHORITIES

O.C.G.A. § 29-3-3(3) states in pertinent part as follows:

If the proposed gross settlement of a minor's claim is more than $25,000.00, and the net settlement is more than $25,000.00:
  (A) A conservator shall be required to compromise the claim;
  (B) A conservator shall be required to receive payment of the settlement and shall thereafter hold and use the settlement for the benefit of the minor and shall be accountable for the same as provided in Code Section 29-3-1; and
  (C) **Such conservator shall submit the settlement for approval to:**
    o (i) The probate court if no legal action has been initiated, or
    o (ii) **The court in which the legal action is pending if legal action has been initiated, and such court shall have exclusive jurisdiction to approve the settlement**, except as provided in subsection (g) of this Code section.

(g)
(1) Notwithstanding any provision of this Code section to the contrary, where a settlement has been submitted to a court for approval, an action shall not be voluntarily dismissed pursuant to subsection (a) of Code Section 9-11-41, or otherwise dismissed upon motion, except upon order of the court in which the action is pending and upon the terms and conditions as that court deems proper.
(2) If specifically indicated in the dismissal order, or if a settlement is reached while the case is pending in the Court of Appeals or the Supreme Court, the trial court shall retain exclusive jurisdiction to approve any settlement.
(3) If legal action has been initiated but is no longer pending, and the trial court has not specifically retained jurisdiction pursuant to paragraph (2) of this subsection, then any settlement approved by the court in which the legal action is pending as required by subsection (c) of this Code section, shall instead be submitted for approval to the probate court.

(Emphasis added).

This Court has exclusive jurisdiction to approve the settlement since the case is pending in the United States District Court for the Southern District of Georgia.

It shall be within the discretion of the Court in which the action is pending to hold a hearing on compliance with the requirements of O.C.G.A. § 29-3-3; provided, however, that a hearing shall not be required if compliance with such requirements is evident from the record. The Parties to

this Agreement do not believe a hearing is necessary because compliance with O.C.G.A. §29-3-3 is evident from the record.

WHEREFORE, Defendants request this Court to approve this Motion and assert compliance with the legal requirements is evident from the record, or, alternatively, request for the Court schedule a hearing on their Joint Motion to Approve Minor Settlement.

This 9th day of September, 2025.

OLIVER MANER LLP
/s/ Timothy D. Roberts
TIMOTHY D. ROBERTS
Georgia Bar No. 609795

P.O. Box 10186
Savannah, GA 31412
(912) 236-3311
troberts@olivermaner.com

SHEPHERD, GARY & MCWHORTER, LLC

/s/William H. McWhorter, Jr.
WILLIAM H. MCWHORTER, JR.
Georgia Bar No. 49950

109 E. Moring Street
Swainsboro, GA 30401

*Attorneys for Mitchell W. McMillan and Rebecca Riner, as Administrator of the Estate of Dustin C. Wilson and as Co-Conservators of L.W., a minor*

TROY A. LANIER, P.C.
/s/ Troy A. Lanier
TROY A. LANIER
Georgia Bar No. 437775

430 Ellis Street
Augusta, GA 30901
(706) 823-6800
tlanier@tlanierlaw.com

*Guardian Ad Litem and Counsel for H.W.*

# EXHIBIT 1

**STATE OF GEORGIA**
**COUNTY OF EMANUEL**

## ATTORNEY FEE CONTRACT
## AND
## RETAINER AGREEMENT

(I) (We) the undersigned do hereby employ and retain SHEPHERD, GARY & MCWHORTER, Attorneys at Law, P.O. Drawer 99, Swainsboro, Georgia 30401, to render legal services on behalf of

BECKY RINER and MITCHELL MCMILLAN as Co-Conservators of the Estate

of Lakelan Ernest Wilson

AGAINST

Priscilla R. Hooks and/or Sun Life Insurance Company of Canada.

or any other person, firm or corporation which may be liable in damages for injuries or other

claims sustained by:
DUSTIN C WILSON

On or about the 26th day of   June   2018  , in the State of GEORGIA,
County of   Emanuel  , as a result of
homicide by Priscilla R. Hooks on Dustin C. Wilson

1

(I) (We) do hereby agree to pay said attorneys __25__ percent of any settlement obtained in said case if same is settled at any time prior to institution of suit, and __33 1/2__ percent of any settlement, verdict, or recovery obtained in said action after institution of suit. It is further agreed that any expenses incurred to prosecute the suit shall be borne by the undersigned client. And that in the event the attorneys have to advance expenses for prosecution costs, that the attorneys have to advance expenses for prosecution costs, that the attorney shall be reimbursed for such expenses by the undersigned regardless of the outcome of the suit. (I) (We) further agree that no settlement will be made unless the attorneys are present and receive their share in accordance with this Agreement.

Said law firm is authorized and instructed to conduct investigations into said matter, to institute legal proceedings if it considers the same to be necessary and engage in negotiations in the event it considers a course of action to be advisable. No settlement, however, shall ever be consummated without consent of the undersigned. In the event that in the judgement of the law firm it becomes legally inadvisable to prosecute this matter to a judicial conclusion, the undersigned, shall be so notified by the law firm, and, in that event, its responsibility for further prosecution of the matter shall terminate.

(I) (We) do hereby bind (my) (our) heirs, executors and legal representatives to the terms and conditions as set forth herein.

(I) (We) HAVE READ THIS CONTRACT AND AGREEMENT AND FULLY UNDERSTAND THE CONTRACT AND AGREEMENT.

This __24__ day of __Oct__, 2020

Client: Becky Riner    Age: Over 18

Client: Mitchell McMillan
Guardians and Co Conservators of Lakelan Wilson as Representatives of the Estate of Dustin Wilson

2

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that a copy of the foregoing pleading has this date been electronically served on all parties through the automatic notification of ECF filing.

This 9th day of September, 2025.

OLIVER MANER LLP
/s/ Timothy D. Roberts
TIMOTHY D. ROBERTS
Georgia Bar No. 609795

P.O. Box 10186
Savannah, GA 31412
(912) 236-3311

SHEPHERD, GARY & MCWHORTER, LLC
/s/William H. McWhorter, Jr.
Georgia Bar No. 49950

109 E. Moring Street
Swainsboro, GA 30401

*Attorneys for Mitchell W. McMillan and Rebecca Riner, as Administrator of the Estate of Dustin C. Wilson and as Co-Conservators of L.W., a minor*

7